W. AKIN, executor, plaintiff in error, *vs.* ALATOONA IRON WORKS, defendant in error.

1. An executor made oath that all legal taxes due on the debts had been paid by him since he was qualified as executor, under the Act of 1870, but could not swear that his testator had done so in his lifetime. The Court held and decided that the plaintiff, as executor, must swear that all legal taxes chargeable by law on the debts on which the judgments were founded, had been paid from the time of making or implying of the contracts on which the judgments and executions were founded, and dismissed the plaintiff's liens:
*Held*, That this was error on the statement of facts disclosed by the record.
2. A man is presumed to perform his legal and social duties    (R.)

Taxes.    Relief Act of 1870.    Before Judge PARROTT. Bartow Superior Court.    March Term, 1871.

The facts in this case as agreed on and submitted to the Court below, were as follows :    In 1861, Clayton obtained judgments against several parties.    Clayton died testate in 1864, and in November, 1865, Akin qualified as his sole executor. In 1867, *fi. fas.* were issued upon said judgments, and in November, 1868, were levied upon certain land as the property of the defendants in said *fi. fas.*    These lands were claimed by the Alatoona Iron Works.    Akin had paid all taxes due on the amounts of said *fi. fas.* since his qualification as executor, but he could not swear that all taxes due on said debts had been paid prior to his qualification.    There was a motion to dismiss the levies, because there was no affidavit that all legal taxes due on said debts had been duly paid for each and every year since the same were contracted, as required by the Act of 13th of October, 1871.    And the Court sustained the motion.    This is assigned as error, upon the grounds that said Act is unconstitutional, and if not, said decision is wrong.

W. AKIN, for plaintiff in error.

Akin *vs.* Altoona Iron Works.

JOHN W. WOFFORD, by J. A. W. JOHNSON, for defendant. No affidavit of any kind being filed, it was right to dismiss the levies.

WARNER, Judge.

This was a claim case in favor of Warren Akin, executor of Clayton, plaintiff in *fi. fas.*, against McConnel and Strickland, defendants, and McDaniel, claimant. The Court, on motion, dismissed the plaintiff's levies, on the ground that the taxes had not been paid on the judgment debts, as required by the Act of 1870, on the following admitted statement of facts : That plaintiff's testator, Clayton, died in November, 1864; that Akin, as his sole executor, was qualified as such on the first Monday in November, 1865, and as such executor, had paid all legal taxes due on said executions since he was qualified as such executor; but that said Akin had not sworn and could not swear, that the legal taxes had been paid on the debts due on said executions prior to his qualification as such executor, and this was the only question submitted to, and decided by the Court. The Court held and decided, that the Act of 1870, required the plaintiff, as executor, to swear that all legal taxes chargeable by law on the debts on which the judgments and executions were founded, had been paid from the time of making or implying of the contracts on which the judgments and executions were founded. Whereupon, the plaintiff excepted. The testator died prior to the passage of the Act of 1870, and his executor could not swear as to what he had done in relation to the payment of taxes on these debts in his lifetime. The testator could not swear as to that fact, for the obvious reason that he was dead. The presumption, however, is, in the absence of any evidence to the contrary, that the testator, when in life, performed all his legal and social duties, and therefore paid all the legal taxes chargeable by law on these debts, and in view of the statement of facts contained in this

record, we think the Court erred in dismissing the levies of the plaintiff's executions.

Let the judgment of the Court below be reversed.